# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN ZIMMERMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.,<br><br>    Defendant.<br><br>STATE OF NEVADA, ex rel.<br>ADAM PAUL LAXALT, Attorney General,<br><br>    Defendant-Intervenor, | Case No. 2:17-cv-00529-JCM-GWF<br><br><br><br>**ORDER** |
| KEVIN ZIMMERMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.,<br>dba THE HOME DEPOT #3316,<br><br>    Defendant.<br><br>STATE OF NEVADA, ex rel.<br>ADAM PAUL LAXALT, Attorney General,<br><br>    Defendant-Intervenor, | Case No. 2:17-cv-01454-JCM-GWF<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant-Intervenor State of Nevada's ("Intervenor") Motion to Consolidate Cases (ECF No. 40) in Case No. 2:17-cv-00529-JCM-GWF, filed on October 17, 2017. Plaintiff did not file an opposition in this case but Intervenor filed a Reply (ECF

No. 43) on November 6, 2017.[1]  Also before the Court is Intervenor's Motion to Consolidate Cases (ECF No. 12) in Case No. 2:17-cv-01454-JCM-GWF, filed on October 17, 2017.  Plaintiff did not file an opposition in this case but Intervenor filed a Reply (ECF No. 15) on November 6, 2017.

## BACKGROUND

These cases are two of several cases brought by Plaintiff alleging that Nevada businesses have violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et. seq.* ("ADA").  At the outset of Plaintiff's filings and in the interest of judicial economy, the Court determined that all of Plaintiff's cases should be transferred to Chief Judge Gloria Navarro and to the undersigned.  *See* Omnibus Transfer Order (ECF No. 3).  The cases, however, were not consolidated.   Chief Judge Navarro recused herself from the instant cases due to a financial conflict.  ECF No. 4; *See* Case No. 2:17-cv-01454-JCM-GWF, ECF No. 6.  These cases were then randomly assigned to District Judge James Mahan.  ECF No. 5; *See* Case No. 2:17-cv-01454-JCM-GWF, ECF No. 7.

Chief Judge Navarro will decide Intervenor's motion to consolidate the cases before her.  Judge Mahan has referred Intervenor's motion to consolidate to the undersigned in the two cases assigned to him.  Therefore, this order is applicable only to Case Nos. 2:17-cv-00529-JCM-GWF and 2:17-cv-01454-JCM-GWF.

## DISCUSSION

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve common questions of law or fact, the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  The Court has broad discretion in determining whether to consolidate actions involving common questions of law or fact.  *Krause v. Nevada Mut. Ins. Co.*, Case No. 2:12-cv-00342-JCM-GWF, 2013 WL 6524657 at *3 (D. Nev. 2012).  "Consolidation requires only a common question of law or fact; perfect identity between all claims in any two cases is not required."  *Firefighters, Local 1908 v. County of Clark*, 2012 WL 1986590 at *2 (D. Nev. 2012).

---

[1] Plaintiff filed an opposition to Intervenor's Motion to Consolidate in his first filed case, which is Case No. 2:17-cv-00304-GMN-GWF, *see* ECF No. 39.  It appears that Plaintiff believed this opposition applies to every case and did not file the opposition in each individual case.

The Court must weigh "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Firefighters*, 2012 WL 1986590 at *2 (quoting *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F.Supp. 805, 807 (N.D.Cal. 1989)).

Local Rule 42-1 states as follows:

> An action may be considered to be related to another action when:
>
> (1) Both actions involve the same parties and are based on the same or similar claim;
> (2) Both actions involved the same property, transaction, or event;
> (3) Both actions involve similar questions of fact and the same question of law, and their assignment to the same district judge or magistrate judge is likely to effect a substantial savings of judicial effort;
> (4) Both actions involve the same patent, trademark, or copyright, and one of the factors identified in (1), (2), or (3) above is present; or
> (5) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges.

In granting Intervenor's motion to intervene, the Court primarily did so with regard to the standing issue regarding Plaintiff's ability to prove his intent to return to each establishment that he has sued, in light of the numerous ADA enforcement actions he filed in such a short time period. *See* Order (ECF No. 35) in Case No. 2:17-cv-00304-GMN-GWF. Because this issue implicates all of the lawsuits filed by Plaintiff, consolidation may be appropriate with respect to that issue. Intervenor also seeks to consolidate all of Plaintiff's actions to contest in one motion whether he has alleged sufficient facts to state a claim for relief and/or in regard to common pleading deficiencies in each of his complaints. Depending on the circumstances, this could also be an appropriate issue for limited consolidation. With respect to the two cases before Judge Mahan, however, the Intervenor can simply bring simultaneous motions to dismiss on standing grounds or based on pleading deficiencies in each action. There is no need to consolidate these cases for interests of judicial economy or to avoid prejudice.

Intervenor also requests consolidation so that it can move for sanctions or other remedial relief against Plaintiff where appropriate. *Motion* (ECF No. 40), pgs 11-12. Intervenor suggests that sanctions should be imposed on Plaintiff for false statements he allegedly made in his applications to proceed *in forma pauperis* ("IFP"). The Court conducted a hearing with Plaintiff and his counsel on March 3, 2017 regarding his IFP applications. Both prior to and during that

hearing, Plaintiff informed the Court that he was withdrawing all of his IFP applications and would pay the filing fees in each case. It is the Court's understanding that he has done so. Whether Plaintiff made any misrepresentations in his IFP filings is debatable. As to these two cases, however, consolidation on this issue is not appropriate. Plaintiff filed an application to proceed in *forma pauperis* in Case No. 2:17-cv-00529-JCM-GWF on February 22, 2017. *Motion/Application* (ECF No. 1). He subsequently paid the filing fee on March 23, 2017. *Receipt of Payment* (ECF No. 7). Plaintiff did not file an application to proceed in *forma pauperis* in Case No. 2:17-cv-01454-JCM-GWF. Thus, there is no basis to impose such sanctions on Plaintiff and no reason to consolidate these two cases with respect to that issue. Accordingly,

**IT IS HEREBY ORDERED** that Defendant-Intervenor's Motion to Consolidate Cases (ECF No. 40) in Case No. 2:17-cv-00529-JCM-GWF is **denied**.

**IT IS FURTHER ORDERED** that Defendant-Intervenor's Motion to Consolidate Cases (ECF No. 12) in Case No. 2:17-cv-01454-JCM-GWF is **denied**.

DATED this 13th day of November, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge