UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN ZIMMERMAN,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:17-CV-1454 JCM (GWF)<br><br>ORDER |

Presently before the court is Magistrate Judge Foley's report and recommendation ("R&R"). (ECF No. 11). Plaintiff Kevin Zimmerman filed an objection (ECF No. 14). Defendant Home Depot U.S.A., Inc. ("Home Depot") has not filed a response, and the time to do so has since passed.

**I.　Facts**

On May 20, 2017, plaintiff filed a complaint against defendant Home Depot. (ECF No. 1). The complaint alleges that defendant violated Title III of the ADA. *Id.*

On August 31, 2017, the clerk's office filed a notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m), stating "[t]o date no proper proof of service has been filed as to Home Depot U.S.A., Inc." (ECF No. 8).

On September 1, 2017, plaintiff filed a motion to extend time to serve the complaint. (ECF No. 9). On September 7, 2017, Magistrate Judge Foley denied plaintiff's motion, stating "Plaintiff's conclusory statements that he has made diligent efforts to serve Defendant are simply not enough [to demonstrate good cause for his failure to serve Defendant within 90 days of filing the complaint.]" (ECF No. 10).

**James C. Mahan**
**U.S. District Judge**

On October 12, 2017, Magistrate Judge Foley issued the instant R&R. (ECF No. 11). On October 26, 2017, in an attempt to avoid the proof of service issues previously mentioned, plaintiff filed an amended complaint. (ECF No. 13). Plaintiff then filed an objection to the R&R, stating that because he filed an amended complaint F.R.C.P. 4(m)'s proof of service deadline gets reset and he now has until January 24, 2018 to serve defendant. (ECF No. 14).

## II. Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service of the motion.

## III. Discussion

Plaintiff's objection suggests, without directly stating, that once he files an amended complaint, he may satisfy F.R.C.P 4(m)'s timing requirement for proof of service by serving the amended complaint within 90 days of filing, therefore obviating the requirements for service of the original complaint.

Plaintiff's 4(m) argument and litigation tactics have been rejected by other courts. *See Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987); *Patterson v. Brady*, 131 F.R.D. 679, 683 (S.D. Ind. 1990). In *Del Raine*, the 7th Circuit stated:

> We do not believe . . . that the order [allowing the complaint to be amended] started the 120 days running again from the date when the amended complaint was filed. The purpose of allowing complaints to be amended is to enable the pleadings to be conformed to the developing evidence rather than to extend the time for service indefinitely.

*Id.* at 705.

The court agrees with the logic of the above cases. Although plaintiff is correct in stating that he has until January 24, 2018 to service defendant with the amended complaint, (ECF No. 14), this has no effect on his failure to serve defendant with the original complaint. Plaintiff's service of an amended complaint cannot act as a substitute for service when the original complaint was not served within the time period allowed by F.R.C.P. 4(m). *See Del Raine*, 826 F.2d at 705. The court will therefore adopt Magistrate Judge Foley's R&R in its entirety.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Foley's report and recommendation (ECF No. 11) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that the instant case be, and the same hereby is, DISMISSED without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED November 16, 2017.

_____
UNITED STATES DISTRICT JUDGE